UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JAMES OCAMPO,

    Petitioner,

v.

CASE NO. 2:19-CV-12819
HONORABLE NANCY G. EDMUNDS

JONATHAN HEMINGWAY,

    Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTIONS TO AMEND [Dkt. 8, 9, 13], BUT DENYING HIS MOTIONS FOR APPOINTMENT OF COUNSEL [Dkt. 10] AND FOR REASSIGNMENT [Dkt. 12]**

Petitioner Robert James Ocampo, a federal inmate, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentencing enhancement under the Armed Career Criminal Act ("ACCA") based upon the decisions in *Mathis v. United States*, _ U.S. _, 136 S. Ct. 2243 (2016), and *United States v. Ritchey*, 840 F.3d 310 (6th Cir. 2016). This matter is before the Court on Petitioner's three motions to amend his habeas petition,[1] as well as his motions for appointment of counsel and for reassignment.

**I.    Motions to Amend**

Petitioner seeks to amend his habeas petition to supplement and clarify his legal arguments. Under the Federal Rules of Civil Procedure, a party may amend a pleading to which a response is required within 21 days after service of the responsive pleading. *See*

---

[1]Petitioner submitted his amendments as part of those motions.

Fed. R. Civ. P. 15(a)(1).² Since a responsive pleading has not yet been ordered or filed in this case, Petitioner has the right to amend his habeas petition without seeking the Court's permission. Accordingly, the Court **GRANTS** Petitioner's motions to amend and shall consider his habeas petition as amended.

## II.     Motion for Appointment of Counsel

Petitioner also seeks to the appointment of legal counsel. A prisoner does not have an right to counsel on federal habeas review. *See Abdur-Rahman v. Michigan Dept. of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)).

Having conducted a preliminary review of the case, the Court finds that Petitioner has submitted sufficient pleadings in support of his claims and that the interests of justice do not require the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); *see also* Rules 6(a) and 8(c), Rules Governing Section 2254 Cases. Accordingly, the Court **DENIES** Petitioner's motion for appointment of counsel. The Court will bear the request in mind should the counsel be necessary for the proper resolution of this matter. Petitioner need not file another motion.

## III.    Motion for Reassignment

---

²Rule 15(a) applies to habeas cases as it applies to other civil cases. *See* 28 U.S.C. § 2242 (habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions").

Petitioner also seeks reassignment of this case to another judge for preliminary screening and review. This case, however, was reassigned to this Judge as a companion to a previously-filed case. *See* E.D Mich. L. R. 83.11. Consequently, reassignment would be improper. Moreover, while Petitioner has concerns about the delay in resolving this case, the Court has conducted a preliminary review of the pleadings, as amended, and the matter is pending on the Court's active docket. The Court finds no reason to reassign this case. Accordingly, the Court **DENIES** Petitioner's motion for reassignment.

**IT IS SO ORDERED**.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: September 1, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 1, 2020, by electronic and/or ordinary mail.

s/ L. Bartlett
Case Manager