UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JAMES OCAMPO,

        Petitioner,

v.
                                            CASE NO. 2:19-CV-12819
                                            HONORABLE NANCY G. EDMUNDS

JONATHAN HEMINGWAY,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION TO SUPPLEMENT HIS MOTION FOR BAIL [ECF No. 23] AND DENYING HIS MOTION FOR BAIL [ECF No. 22]**

Petitioner, a federal inmate, has filed a pro se petition for a writ of habeas corpus challenging his federal sentence and asserting that he is improperly designated as a career offender based upon several Supreme Court decisions. This matter is before the Court on Petitioner's motion for bail and his motion to supplement that motion. As an initial matter, the Court finds that Petitioner should be allowed to supplement his motion for bail to fully present his arguments. Accordingly, the Court **GRANTS** Petitioner's motion to supplement his motion for bail and shall consider the motion as supplemented.

The United States Court of Appeals for the Sixth Circuit has stated that to receive bond pending a decision in a federal habeas case,

> [P]risoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.' *Aronson v. May*, 85 S. Ct. 3, 5; 13 L. Ed. 2d 6, 9 (1964) [additional citations omitted]. There will be few occasions where a prisoner will meet this standard.

*Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79

(6th Cir. 1990)).  Federal district courts may grant bail when granting the writ.  *Sizemore v. District Ct.*, 735 F.2d 204, 208 (6th Cir. 1984).  However, to grant bond prior to making a determination on the merits is extraordinary.  *See Moore v. Egeler*, 390 F. Supp. 205, 207 (E.D. Mich. 1975) (Feikens, J.).  Having reviewed Petitioner's motion, as supplemented, the Court is not persuaded that the interests of justice require release on bond pending the resolution of this case.  Accordingly, the Court **DENIES** Petitioner's motion for bail.

    **IT IS SO ORDERED**.

                                              s/ Nancy G. Edmunds
                                              NANCY G. EDMUNDS
                                              UNITED STATES DISTRICT JUDGE

Dated:  September 7, 2022