UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JAMES OCAMPO,

        Petitioner,

v.                              CASE NO. 2:19-CV-12819
                                HONORABLE NANCY G. EDMUNDS

JONATHAN HEMINGWAY,

        Respondent.
_____/

## OPINION AND ORDER DENYING AND DISMISSING WITH PREJUDICE THE AMENDED PETITION FOR A WRIT OF HABEAS CORPUS

### I. Introduction

Robert James Ocampo ("Petitioner"), a federal inmate confined at the Federal Correctional Institution in Milan, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his federal convictions and sentences. In his petition, as amended, Petitioner asserts that he is actually innocent of being a career offender under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), in light of the decisions in *Mathis v. United States*, 579 U.S. 500 (2016), and *United States v. Ritchey*, 840 F.3d 310 (6th Cir. 2016), and that he is actually innocent of being a felon in possession of a firearm in violation of 18 U.S.C. § 922 in light of the decision in *Rehaif v. United States*, _ U.S. _, 139 S. Ct. 2191 (2019). For the reasons set forth, the Court denies and dismisses with prejudice the amended petition.

### II. Facts and Procedural History

Petitioner's convictions arise from a Saginaw, Michigan area drug conspiracy that

trafficked over 150 kilograms of cocaine and 13,000 kilograms of marijuana from 2005 to 2006, as well as his possession of a firearm in his home. Following a jury trial before another judge in this district in 2007, Petitioner was convicted of seven criminal counts: 1) conspiracy to possess with intent to distribute and to distribute at least 5 kilograms of cocaine and at least 100 kilograms of marijuana in violation of 21 U.S.C. § 846; 2) maintaining a residence within 1,000 feet of a school for the purpose of distributing cocaine and marijuana in violation of 21 U.S.C. § 856(a)(1) and 21 U.S.C. § 860; 3) distribution of less than 50 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1); 4) possession with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1); 5) felon in possession of a firearm in violation of 18 U.S.C. § 922(g); 6) possession of a firearm by an unlawful user of any controlled substance in violation of 18 U.S.C. § 922(g)(3); and 7) possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). The jury also returned a special verdict finding Petitioner guilty of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 100 kilograms or more of marijuana and drug trafficking in a school zone. *United States v. Ocampo*, 402 F. App'x 90, 94 (6th Cir. 2010).

On July 7, 2008, adopting the recommendation in the Presentence Investigation Report ("PSIR"), the district court determined that Petitioner had a base offense level of 37 primarily due to the estimated quantities of marijuana and marijuana equivalency that he had trafficked in furtherance of the drug conspiracy. The court also found that Petitioner had enough criminal history points to place him in a criminal history category of VI and that he had three predicate felonies for breaking and entering an occupied dwelling under the ACCA, 18 U.S.C. § 924(e). The court sentenced Petitioner within the Guidelines to

2

concurrent terms of 360 months imprisonment each on Counts 1, 2, 5, and 6, concurrent terms of 60 months imprisonment each on Counts 3 and 4, and a consecutive term of 60 months imprisonment on Count 7. *Id*. The court also imposed a special assessment of $700.00 ($100 for each count). *See People v. Ocampo*, No. 06-cr-20172, ECF No. 223 (judgment imposed July 7, 2008, signed July 10, 2008).

Petitioner filed a direct appeal with the United States Court of Appeals for the Sixth Circuit challenging, in part, his armed career criminal classification. The Sixth Circuit declined to reach the issue, explaining in relevant part:

> Defendant claims that the district court erred in classifying him as an armed career criminal subject to the sentencing enhancement of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). However, given our decision to affirm the district court's calculation of Defendant's base offense level, we need not decide this issue. Standing alone, Defendant's conviction for possessing a firearm as a felon, with the armed career criminal enhancement, would result in a base offense level of 34 and a criminal history category of VI. *See* U.S.S.G. § 4B1.4(b)(3)(A), (c)(2). But because Defendant's drug offenses are grouped with the firearm offenses in Counts 5 and 6 for the calculation of his Guidelines range, we take the higher base offense level from these two groups of offenses, *see id*. § 4B1.4(b)(1); in Defendant's case, this is the base offense level of 37 assigned to the drug offenses. And, Defendant's total of 20 criminal history points, to which he stated no objection below, independently places him in a criminal history category of VI. *See id*. § 4B1.4(c)(1). Therefore, Defendant's status as an armed career criminal does not affect his sentence, and we decline to review it.

*United States v. Ocampo*, 402 F. App'x 90, 106 (6th Cir. 2010). The Sixth Circuit affirmed Petitioner's convictions and sentences. *Id*. at 107. The United States Supreme Court denied certiorari. *Ocampo v. United States*, 562 U.S. 1298 (2011).

In 2012, Petitioner moved to vacate his sentence under 28 U.S.C. § 2255 raising several claims of error, including a challenge to his armed career criminal classification. Adopting the Magistrate Judge's Report and Recommendation, the district court granted

in part and denied in part the motion. The district court vacated Petitioner's conviction and sentence on Count 6 on double jeopardy grounds, rejected his career offender classification claim based upon the Sixth Circuit's ruling on direct appeal, and denied relief on his other claims. *United States v. Ocampo*, 919 F. Supp. 2d 898, 908, 914, 916 (2013). The amended judgment of sentence also reduced the special assessment to $600 ($100 for each count). *See United States v. Ocampo*, No. 06-cr-20172, ECF No. 461 (judgment imposed Jan. 28, 2013, signed Feb. 1, 2013).

Petitioner subsequently filed additional motions to vacate his sentence and for relief from judgment, which were denied and/or transferred to the Sixth Circuit. The Sixth Circuit denied him authorization to file second or successive petitions on multiple occasions. *See, e.g., United States v. Ocampo*, No. 06-cr-20172, 2015 WL 7717129 (E.D. Mich. Nov. 30, 2015) (citing partial history), *cert. app. den.* No. 16-1101 (6th Cir. May 9, 2016).

In 2016, Petitioner moved for a sentencing reduction on Counts 1, 2 and 5 pursuant to 18 U.S.C. § 3582(c)(2) in the district court, which the court granted thereby reducing his sentences on those counts to 340 months. The other aspects of the 2013 amended judgment remained in effect. *See United States v. Ocampo*, No. 06-cr-20172 (E.D. Mich. Oct. 18, 2016), ECF No. 614.

Petitioner then filed additional motions challenging his sentences, which were denied and/or transferred to the Sixth Circuit. He currently has motions to modify his sentence pursuant to 18 U.S.C. § 3582 pending before the district court which include the same claims raised in this proceeding. *See United States v. Ocampo*, No. 06-cr-20172, ECF Nos. 667, 671.

In 2019, Petitioner filed his initial habeas petition with this Court pursuant to 28

U.S.C. § 2241 asserting that he is actually innocent of the sentencing enhancement on Count 5 in light of the United States Supreme Court's decision in *Mathis v. United States*, 579 U.S. 500 (2016), and the Sixth Circuit's decision in *United States v. Ritchey*, 840 F.3d 310 (6th Cir. 2016). ECF No. 1. In 2020, he filed motions to amend his habeas petition, and ultimately filed an amended habeas petition asserting the foregoing claim, as well as a claim asserting that he is actually innocent of being a felon in possession of a firearm (Count 5) based upon the Supreme Court's decision in *Rahaif v. United States*, _ U.S. _, 139 S. Ct. 2191 (2019). ECF Nos. 6, 8, 9, 13.

In 2021, Respondent filed an answer to the amended habeas petition contending that it should be denied based upon the concurrent sentencing doctrine, but did not address the substance or merits of Petitioner's claims. ECF No. 20. Petitioner filed a reply to that answer. ECF No. 21.

### III. Discussion

#### A. Concurrent Sentencing Doctrine

Respondent contends that the Court should decline to reach the merits of Petitioner's claims based upon the concurrent sentencing doctrine. The concurrent sentencing doctrine provides a court with discretion to decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction. *See United States v. Ware*, 282 F.3d 902, 906 (6th Cir. 2002); *United States v. Wade*, 266 F.3d 574, 578 (6th Cir.2001); *United States v. Hughes*, 964 F.2d 536, 541 (6th Cir.1992); *Dale v. Haeberlin*, 878 F.2d 930, 935 n. 3 (6th Cir.1989). Courts have declined to review convictions on one count where the presence of a valid concurrent sentence on a different count is sufficient

to retain the defendant in custody. *See, e.g., Hirabayashi v. United States*, 320 U.S. 81,105 (1943); *United States v. Burkhart*, 529 F.2d 168, 169 (6th Cir. 1976). The standard for doing so is whether there exists any possibility of an adverse "collateral consequence" if the conviction is allowed to stand. *Hughes*, 964 F.2d at 541; *Dale*, 878 F.2d at 935 n. 3.

The Court will not apply the concurrent sentencing doctrine in this case. First, as Petitioner argues, and Respondent concedes, Petitioner could be subject to consecutive revocation sentences upon his release from prison if he were to violate the conditions of his supervised release. *See* ECF No. 9, PageID.97; ECF No. 20, PageID.184-185. While such a circumstance may be remote, it is nonetheless possible and arguably may constitute an adverse collateral consequence.

Second, Respondent overlooks the fact that Petitioner's sentences include a special assessment of $600 – $100 for each of his convictions. In *Ray v. United States*, 481 U.S. 736, 737 (1987) (per curiam), the United States Supreme Court held that the concurrent sentencing doctrine does not apply where a defendant must pay an assessment on each count of conviction. The Sixth Circuit has since declined to apply the doctrine in such cases. *See Ware*, 282 F.3d at 906; *Wade*, 266 F.3d at 579; *see also United States v. Lacefield*, 146 F. App'x 15, 20 n. 1 (2005); *Sublett v. United States*, No. 1:04-CR-00037-TBR, 2017 WL 1324133, *2 (W.D. Ky. Apr. 6, 2017), *aff'd*, 729 F. App'x 380 (6th Cir. 2018). Because the district court imposed a special assessment as part of Petitioner's sentences, the Court cannot apply the concurrent sentencing doctrine in this case. Accordingly, the Court shall proceed to address Petitioner's claims.

**B.     Merits**

A federal prisoner seeking to challenge a conviction or sentence must normally file

a motion to vacate sentence pursuant to 28 U.S.C. § 2255 with the sentencing court.  *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).  A federal prisoner may challenge a conviction or sentence pursuant to 28 U.S.C. § 2241 in the district court where he or she is confined only if he or she establishes that the post-conviction remedy afforded under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of detention.  *See* 28 U.S.C. § 2255(e); *Wooten v. Cauley*, 677 F. 3d 303, 307 (6th Cir. 2012); *Charles*, 180 F.3d at 756.  The petitioner has the burden of establishing that the remedy under § 2255 is inadequate or ineffective.  *Martin v. Perez*, 319 F.3d 799, 803 (6th Cir. 2003).

### 1. Mathis/Ritchey Claim

In his first habeas claim, Petitioner asserts that should be allowed to proceed under § 2241 pursuant to *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), because he is actually innocent of being an armed career criminal under the ACCA.  Specifically, he asserts that his 1983 and 1984 Michigan breaking and entering an occupied dwelling convictions are no longer predicate felony offenses under the ACCA following the decisions in *Mathis v. United States*, 579 U.S. 500 (2016) (holding that a prior conviction does not qualify as the generic form of a predicate violent felony offense listed in the ACCA if an element of the crime of conviction is broader than an element of the generic offense because the crime of conviction enumerates various alternative factual means of satisfying a single element), and *United States v. Ritchey*, 840 F.3d 310 (6th Cir. 2016) (holding that convictions under Michigan's current breaking and entering statute cannot serve as predicate offenses under the ACCA because the statute is indivisible and broader than the generic offense of burglary).

In *Hill v. Masters*, the Sixth Circuit held that a federal prisoner may obtain habeas

relief under § 2241 based on a misapplied sentencing enhancement, if he or she establishes: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595; *see also Wright v Spaulding*, 939 F.3d 695, 703 (6th Cir. 2019) (citing *Hill*). If a petitioner proves these elements, he or she has shown that a § 2255 motion is otherwise "inadequate or ineffective" to test the legality of detention and may proceed through the savings clause and employ § 2241. *See McCormick v. Butler*, 977 F.3d 521, 525 (6th Cir. 2020) (citing *Hill*).

In *Hill*, the Sixth Circuit further stated that its decision addressed "only a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Hill*, 836 F.3d at 599-600.

There is some question as to whether Petitioner may proceed under § 2241 via the savings clause of § 2255 because, while he challenges his classification as a career offender under the ACCA based upon a change in statutory interpretation, he was sentenced in 2008 – post-*Booker* under the advisory guidelines. The Sixth Circuit has not explicitly ruled on this issue, *see McCormick*, 977 F.3d at 529; *Neuman v. United States*, No. 17-6100, 2018 WL 4520483, *2 n. 1 (6th Cir. May 21, 2018) (noting the different standards in *Hill* and declining to address the issue because the petitioner failed to meet the broader standard), but has applied the broader standard in post-*Booker* cases involving

sentencing under the ACCA. *Id.*; *Muir v. Quintana*, No. 17-6050, 2018 WL 4276133, *2 (6th Cir. April 26, 2018); *Sutton v. Quintana*, No. 16-6534, 2017 WL 4677548, *2 (6th Cir. July 12, 2017). The Sixth Circuit has also explained that whether a petitioner is sentenced pre- or post-*Booker* (under mandatory or advisory guidelines) is of "no moment" when a court imposes a mandatory sentence under the ACCA that would otherwise exceed the statutory maximum authorized by Congress for an offense. *McCormick*, 977 F.3d at 528-29 (applying *Hill* where an ACCA enhancement increased the petitioner's sentence above the maximum for his offense and increased his guidelines range).

In this case, an argument can be made that Petitioner should not be entitled to proceed under § 2241 based upon *Hill* because he was sentenced post-*Booker* under the advisory guidelines and the Sixth Circuit concluded that his sentences were not increased based upon his status as an armed career criminal under the ACCA. *See Ocampo*, 402 F. App'x at 106 (explaining that Petitioner's drug and firearm offenses justified his sentencing guidelines range such that his status as an armed career criminal did not affect his sentence).

Nonetheless, the Court shall also consider the broader standard in *Hill* to determine whether Petitioner may proceed and obtain habeas relief under § 2241. Petitioner meets the first and second *Hill* requirements. *Mathis* involves a case of statutory interpretation that is retroactively applicable to cases on collateral review. *McCormick*, 977 F.3d at 526 (discussing cases); *Muir*, 2018 WL 4276133 at *2; *Sutton*, 2017 WL 4677548 at *2. And Petitioner could not avail himself of *Mathis* at the time of his first § 2255 motion (and even his second motion) given that *Mathis* was decided in 2016 and those motions were decided in 2013 and 2015.

The remaining question is whether Petitioner can satisfy the third *Hill* requirement – that he is subject to a misapplied sentence which presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect. This is a substantive issue that turns on the merits of Petitioner's sentencing claim, i.e., whether *Mathis* precludes his prior Michigan breaking and entering an occupied dwelling convictions from qualifying as predicate offenses under the ACCA in order to justify his sentencing enhancement.

Under the ACCA, the term "violent felony" includes, in relevant part, a burglary that is punishable by more than one year imprisonment. 18 U.S.C. § 924(e)(2)(B)(ii). In *Taylor v. United States*, 495 U.S. 575, 598 (1990), the Supreme Court held that burglary under the ACCA refers to the generic, contemporary meaning of burglary defined as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." The Supreme Court further explained that a sentencing court must use a "categorical approach" focusing on the elements of the statutory offense, not the particular facts of the crime. *Id*. at 601-02; *see also Mathis*, 579 U.S. at 504.

Consequently, if a state burglary statute is broader than generic burglary then the conviction cannot count as a violent felony under the ACCA. If a broader state burglary statute is divisible, however, a sentencing court applies a "modified categorical approach" in which it reviews a limited class of documents, such as indictments and jury instructions, to determine which of the divisible alternatives formed the basis of the prior conviction. *Descamps v. United States*, 570 U.S. 254, 257 (2013). In *Mathis*, the Supreme Court clarified the meaning of "divisible" ruling that a court must determine whether the listed items in an alternatively phrased statute are elements or means. *Mathis*, 579 U.S. at 517-18. Elements are a crime's constitute parts that must be admitted or proven beyond a

reasonable doubt and means are extraneous facts about how the crime was committed. *Id*. at 504.  If the statute lists alternative elements, it is divisible, and the prior conviction is subject to the modified categorical approach and may qualify as a violent felony under the ACCA.  If the statute lists alternative means, it is not divisible, and the prior conviction cannot qualify as a violent felony under the ACCA.  *Id*. at 517-19.  To determine whether the statute lists elements or means, a court looks to "authoritative sources of state law," such as a state court decision that resolves the question or the statutory text.  A court may also "peek" at the record of the prior conviction, but only to resolve the question of elements or means.  *Id*.

Petitioner relies upon *Ritchey, supra,* to assert that his 1983 and 1984 Michigan convictions for breaking and entering an occupied dwelling no longer count as predicate offenses under the ACCA.  In *Ritchey*, the Sixth Circuit held that convictions under Michigan's breaking-and-entering statute cannot serve as predicate offenses under the ACCA because the statute is indivisible and broader than the generic offense of burglary. What Petitioner fails to realize, however, is that *Ritchey* addressed the current version of Michigan's breaking-and-entering statute, which is different than the statute in effect in 1983 and 1984.  The current version of the statute (as set forth in *Ritchey*) criminalizes, in a single sentence, the breaking and entering, with intent to commit a felony or larceny, of a tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, structure, boat, ship, shipping container, or railroad car, and it provides a single maximum punishment of 10 years of imprisonment.  *See* Mich. Comp. Laws § 750.110; *Ritchey*, 840 F.3d at 315.  In contrast, the version of the statute under which Petitioner was convicted had two separate sentences.  The first sentence criminalized the breaking and entering of

11

numerous structures, including tents, barns, granaries, boats, and railroad cars, and provided a maximum punishment of 10 years imprisonment. See Mich. Comp. Laws § 750.110 (1979). The second sentence criminalized the breaking and entering of an "occupied dwelling house" with intent to commit any felony or larceny therein, and provided a maximum punishment of 15 years imprisonment. Id. Because the prior version of the statute is materially different from the statute addressed in Ritchey, Ritchey does not control. See Waller v. United States, No. 16-6414, 2018 WL 4488900, *2 (6th Cir. March 19, 2018).

A state conviction constitutes a generic burglary and therefore qualifies as a predicate offense under the ACCA's enumerated-offenses clause if the offense "includes 'the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.'" Ritchey, 840 F.3d at 315 (quoting Taylor, 495 U.S. at 598). A statute that criminalizes the breaking and entering of vehicles, tents, and other similar places, is broader than the generic form of burglary. Id. The prior version of Michigan's breaking and entering statute includes such acts, so the Court must determine if the statute is divisible.

In Waller, the Sixth Circuit did just that – ruling that the prior version of Michigan's breaking and entering statute is divisible under Mathis because it defines two separate crimes with two different penalties. Waller, 2018 WL 4488900 at *2; see also Mathis, 579 U.S. at 518 ("The statute on its face may resolve the issue. If statutory alternatives carry different punishments, then under Apprendi they must be elements."). The Sixth Circuit in Waller then went on to consider the petitioner's state court judgments and transcripts and concluded that his 1991 Michigan convictions for breaking and entering an occupied

12

dwelling qualified as predicate offenses under the ACCA's enumerated offenses clause. *Waller*, 2018 WL 4488900 at *3 (affirming the district court's denial of the petitioner's § 2255 motion).

Additionally, the Sixth Circuit has previously held that the version of Michigan's breaking and entering statute in effect at the time of Petitioner's 1983 and 1984 convictions constitutes a predicate felony under the ACCA. *See United States v. Fish*, 928 F.2d 185 (6th Cir. 1991) (ruling that the 1988 version of the statute qualifies as "burglary" under the ACCA's list of enumerated offenses), abrogated but not overruled by *Ritchey, Willis v. United States*, No. 17-1393, 2018 WL 11336885, *2 (6th Cir. March 21, 2018) (ruling that district court did not err in concluding that petitioner's 1988 burglary conviction was a predicate offense under the ACCA).

This Court is bound by, and agrees with, the Sixth Circuit's decisions. Moreover, the record before the Court clearly indicates that Petitioner's 1983 and 1984 breaking and entering convictions were for breaking and entering an occupied dwelling and were punishable by up to 15 years imprisonment. *See* Pet. Exh. A & B., ECF No. 1, PageID.23-30. Because the crime of breaking and entering an occupied dwelling requires "an unlawful or unprivileged entry into ... a building or other structure ... with intent to commit a crime," it qualifies as a generic burglary. *Ritchey*, 840 F.3d at 315 (quoting *Taylor*, 495 U.S. at 598); Mich. Comp. Laws § 750.110 (1979). Petitioner's prior Michigan convictions for breaking and entering an occupied dwelling therefore qualify as predicate offenses under the ACCA's enumerated offenses clause. He thus fails to demonstrate that his sentence was improperly enhanced or otherwise satisfy *Hill*'s third requirement by showing an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect. He is thus

not entitled to proceed and/or obtain relief under § 2241 on this claim. Habeas relief is not warranted.

### 2. Rehaif Claim

In his second claim, Petitioner asserts that he should be entitled to proceed under § 2241 pursuant to *Hill, supra*, because he is actually innocent of being a felon in possession of a firearm in violation of 18 U.S.C. § 922 (Count 5) in light of the Supreme Court's decision in *Rehaif v. United States*, _ U.S. _, 139 S. Ct. 2191 (2019) (ruling that to be convicted under § 922, the government must prove that a defendant knowingly possessed a firearm and knew that he or she belonged to the relevant category of persons, i.e. felons, barred from possessing a firearm).

On a successive challenge to a conviction, a petitioner may challenge the legality of his or her detention under § 2241 through the savings clause of § 2255(e) by showing that he or she is "actually innocent." *Hill*, 836 F.3d at 594 (quoting *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012)). When a petitioner asserts factual innocence based on a change in the law, he or she may show that § 2255 provides an "inadequate or ineffective" remedy by proving: "(1) 'the existence of a new interpretation of statutory law,' (2) 'issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions,' (3) that is retroactive, and (4) applies to the petition's merits such that it is 'more likely than not that no reasonable juror would have convicted' the petitioner." *McCormick*, 977 F.3d at 524-25 (citing *Hill*, 826 F.3d at 594-95, quoting *Wooten*, 677 F.3d at 307-08).

Petitioner likely satisfies the first three criteria. *Rehaif* is a new interpretation of statutory law, that was issued after Petitioner filed his first § 2255 motion (and his second

14

motion), and that applies retroactively to cases on collateral review. *See Baker v. United States*, No. 19-6025, 2021 WL 2021481, *1 (6th Cir. May 20, 2021) (accepting government's concession that *Rehaif* applies retroactively); *Kelley v. United States*, No. 20-5448, 2021 WL 2373896, *2 (6th Cir. Feb. 5, 2021) (per curiam) (concluding that *Rehaif* applies retroactively).

Petitioner, however, fails to satisfy the fourth requirement. He fails to establish that it is more likely than not that no reasonable juror would have convicted him of § 922(g) in light of *Rehaif*. Section 922(g) makes it unlawful for any person "who has been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. 18 U.S.C. § 922(g)(1). In *Rehaif*, the Supreme Court held that to convict a defendant under § 922(g), the government must prove the defendant knew that he possessed a firearm and also "that he knew he had the relevant status when he possessed it." *Rehaif*, 139 S. Ct. at 2194. Thus, under *Rehaif*, the government would have to prove that Petitioner knew of his status of having a felony conviction—specifically, that he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year. *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019).

In this case, Petitioner stipulated at the time of trial that he had a prior conviction that was punishable by imprisonment for a term exceeding one year. *See United States v. Ocampo*, No. 06-cr-20172, ECF No. 256, PageID.1922. That admission supports an inference that he had the "requisite knowledge of his status for a § 922(g)(1) violation." *United States v. Raymore*, 965 F.3d 475, 485 (6th Cir. 2020); *see also United States v. Ward*, 957 F.3d 691, 695 (6th Cir. 2020) ("Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it.")

(quotation omitted). Additionally, the record indicates that Petitioner served several years in prison on his prior convictions. *See* Pet. Exh. A & B., ECF No. 1, PageID.23-30. It follows that Petitioner knew that he had been convicted of an offense that was punishable by more than a year in prison when he committed his federal offenses in this case. *See United States v. Hobbs*, 953 F.3d 853, 858 (6th Cir. 2020) ("No reasonable juror could have believed" defendant was unaware of felony status where he served six years' incarceration on prior conviction). Petitioner provides no basis for finding that a reasonable juror would conclude he was unaware that he was a felon at the time he possessed the firearm at issue. He thus fails to show that he is entitled to proceed and/or obtain relief on this claim under § 2241. Habeas relief is not warranted.

## IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief under 28 U.S.C. § 2241 on his claims. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the amended petition for a writ of habeas corpus.

Lastly, the Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED**.

> s/ Nancy G. Edmunds
> NANCY G. EDMUNDS
> UNITED STATES DISTRICT JUDGE

Dated: September 28, 2022